

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*See Opinion O-1276,*
*Conference 3090*

Honorable J. H. Kidd, Jr.
County Attorney
Kingsville, Texas

Dear Sir:

Opinion No. O-1225
Re: Whether under Senate Bill
No. 224, 46th Legislature,
Kleberg County must continue
to send to Corpus Christi
the full amount of the State
ad valorem taxes collected
in that county.

We received your letter of August 3, 1939, where-
in you recall our opinion holding that Willacy and Kleberg
Counties, among others, are entitled to receive the benefits
of the homestead exemption from taxation extended by Arti-
cle 8, Section 1-a, of the Constitution, notwithstanding
the grant made by Senate Bill No. 330, being Chapter 138,
p. 270, of the General Laws of the Thirty-seventh Legisla-
ture, to the City of Corpus Christi of the State ad valorem
taxes collected in certain counties for a period of twenty-
five years from the date of the grant. You advise us that
you have not seen a copy of Senate Bill No. 224, by the
Forty-sixth Legislature, granting to the counties in the
state for a period of five years, one-half of the State
ad valorem taxes collected during such period of time, but
express the opinion that the same principals applied in
the above opinion would also apply to permit Kleberg County
to retain one-half of the State ad valorem taxes during
such five year period. You request our opinion as to whe-
ther you are correct in this conclusion. You also advise
that since the State ad valorem taxes have been heretofore
collected in Kleberg County and sent to Corpus Christi,
without giving Kleberg County the benefit of the homestead
exemption, Kleberg County can now retain all of the State
ad valorem taxes collected in that county and make no fur-
ther remissions to Corpus Christi until Kleberg County has
in that manner collected the amount of State ad valorem
taxes thus levied upon homestead property since the enact-
ment of the aforesaid constitutional provision in 1933.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable J. H. Kidd, Jr., Page 2

You request our opinion as to whether you are correct in that conclusion also.

It must be borne in mind that our opinion with reference to the homestead exemption matter turned upon a construction of Article 8, Section 1-a, of the Constitution, which exempts $3,000.00 of the taxable value of residence homesteads from taxation for State purposes with the provision that such exemption shall not apply to State taxes remitted within those counties or other political subdivisions who were receiving remissions of State taxes at the time of the enactment thereof. Willacy County, as well as Kleberg County and others, were not receiving remissions at that time and on that account did not fall within the exception to the exemption thus allowed. However, that constitutional provision has nothing whatsoever to do with the question as to whether Kleberg County along with other counties in the State will receive a remission of one-half of the State taxes collected during the next five years. That question must be determined from the act itself. Said Senate Bill No. 224 grants and donates to the counties for a period of five years, beginning with the taxable year 1940, one-half of the State ad valorem taxes for general revenue purposes not heretofore donated or appropriated to any county, district, city or other political subdivision, with certain exceptions. A part of the caption to that act reads as follows:

"* * *providing that nothing in this Act shall amend, alter, modify or repeal any donation, grant or remission of taxes heretofore made to any county, city, town, village, precinct, political subdivision or municipal or quasi-municipal corporation; providing that if the donation, remission or grant to any such entity is as much as one-half (1/2) of the taxes so collected, this Act shall not be effective during the life of such donation, grant or remission heretofore made, but shall be effective after the expiration of such previously made remission, donation or grant; providing that if the donation, remission or grant of such entity be less than one-half (1/2) of the taxes, this Act shall remit the difference between the remission, grant or donation heretofore made and one-half (1/2) of the taxes

collected in such area; provided that where a
donation, remission or grant has been hereto-
fore made in an area covering an area less than
an entire county, this Act shall donate and
grant one-half (1/2) of the taxes collected in
the county outside of such area for the life of
this Act; providing that where taxes have been
donated and granted heretofore to any author-
ity, which donation and grant is contingent up-
on an allocation of a Federal grant, and is not
yet effective, such donation and grant by the
state heretofore made shall take precedence
over the provisions of this Act to the extent
of any conflict herewith; providing that the
term, 'donation, grant or remission heretofore
made' shall include remissions, donations or
grants made by the Regular Session of the Forty-
sixth Legislature;* * *"

Section 2 of said Senate Bill No. 224, reads as
follows:

"Sec. 2. Nothing in this Act shall amend,
alter, modify, or repeal any donation, grant or
remission of taxes heretofore made to any county,
city, town, village, precinct, political subdivi-
sion, or municipal or quasi-municipal corporation.

"If the donation, remission or grant to any
such entity is as much as one-half (1/2) of the
taxes so collected, then this Act shall not be
effective as to the taxes collected in such area
during the life of such donation, grant or re-
mission heretofore made, but shall be effective
after the expiration of such previously made re-
mission, donation, or grant if such expires prior
to the expiration of this Act. _____

"If the donation, grant or remission to such
entity be less than one-half (1/2) of the taxes,
then as to such area this Act shall remit the dif-
ference between the remission, grant or donation
heretofore made and one-half (1/2) of the taxes
collected in such area; and after the expiration
of such grant, donation or remission heretofore
made, if such expires prior to the expiration of
this Act, this Act shall remit one-half (1/2) of
the taxes collected in such area for the remainder
of the life of this Act. _____

Honorable J. H. Kidd, Jr., Page 4

"Where a donation, remission or grant has been heretofore made in an area which is less than the entire county, then this Act shall remit, donate and grant one-half (1/2) of the ad valorem taxes collected in such county outside of such area for the life of this Act. _____

"In counties wherein taxes have been donated or granted heretofore to any authority, and which donation and grant is contingent upon an allocation of a Federal grant, and is not yet effective, such donation and grant by the State heretofore made shall take precedence over the provisions of this Act to the extent of any conflict herewith. ____

"The term, 'donation, grant or remission heretofore made' or words of similar import shall include remissions, donations or grants made by the Regular Session of the Forty-sixth Legislature.____"

From a reading of the above you will see that it is quite clear that it was the intention of the Legislature in the enactment of said Senate Bill No. 224 that the full amount of the State ad valorem taxes should continue to be collected in Kleberg County and remitted to the City of Corpus Christi, the homestead exemption being allowed.

We will now consider your second question. If we were correct in our holding that the citizens and property in Kleberg County have been entitled to the homestead exemptions provided in Article 8, Section 1-a, of the Constitution, and we believe that we were correct, then the State ad valorem taxes should not have been paid and collected upon homesteads in that County since the adoption of such constitutional provision in 1933. That does not mean, however, that Kleberg County as an entity should have the State ad valorem taxes thus collected upon homesteads. If there should be any way by which such taxes could be refunded, such refund should be to the individual taxpayer who paid the same and not to Kleberg County. The observation which we have made, we think, clearly shows that Kleberg County is not entitled to withhold State ad valorem taxes for the purpose of offsetting the amount of ad valorem taxes which has been collected upon homesteads in Kleberg

Honorable J. H. Kidd, Jr., Page 5

County since the adoption of said Article 8, Section 1-a, of the Constitution.

Nothing in the above opinion should be construed as an expression concerning the constitutionality or unconstitutionality of Senate Bill No. 224.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis
Glenn R. Lewis
Assistant

GRL:LM

APPROVED AUG 21, 1939

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN